UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JACQUELINE NICCOLAI,

        Plaintiff,

  v.

        Case No. 19-cv-851-PP

SHEPHERDS BAPTIST MINISTRIES, INC.,

        Defendant.

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order, the parties, through their respective counsel, submit their Joint Rule 26(f) report.

### I.   Meeting

The parties held a Rule 26(f) conference on August 21, 2019. Present by telephone were Mary C. Flanner of Cross Law Firm, S.C., for Plaintiff Jacqueline Niccolai; and Thomas Cabush of Kasdorf, Lewis & Sweitlik, for Defendant Shepherds Baptist Ministries, Inc. Prior to the conference, counsel for the parties exchanged draft reports and other information. The parties discussed generally the matters specified in Federal Rule of Civil Procedure 26(f) and submit the following Joint Discovery Plan.

### II.   Nature of the case

This is a retaliatory discharge case brought by Plaintiff Jacqueline Niccolai against her former employer, Shepherds Baptist Ministries. Ms. Niccolai was hired on January 15, 2018 as the Director of Financial Aid for Defendant Shepherds College and terminated on May 24, 2018.

Defendant Shepherds College is a three-year, post-secondary vocational college exclusively for young adults with intellectual disabilities. Many of its students receive federal financial aid through Title IV of the Higher Education Act as administered by the U.S. Department of Education. In 2012, Defendant Shepherds College entered into a Title IV Program Participation Agreement (PPA) with the DoE, whose regulations govern Shepherds College's continued eligibility for receipt of federal student loan funding.

The parties dispute whether, during her employment, Ms. Niccolai reported, tried to prevent, or otherwise engaged in conduct or communications sufficient to put Shepherds College on notice of potential fraud liability under the federal False Claims Act. In addition, the parties dispute whether Ms. Niccolai was discharged in violation of Wisconsin's common law of wrongful discharge when she refused directives and if they were in violation of established public policy of Wisconsin. The parties further dispute whether it was such alleged activity or alleged performance and conduct problems that caused her termination.

**III. Jurisdiction**

The parties agree that this Court has subject matter jurisdiction pursuant to 31 U.S.C. § 3730(h), supplemental jurisdiction over the pendant state law claim under 28 U.S.C. § 1367(a), and personal jurisdiction under 31 U.S.C. § 3732(a).

**IV. Amendment to Pleadings and Joinder of Parties**

The parties do not anticipate amending the pleadings or joining any additional parties.

**V. Contemplated Motions**

The parties contemplate motions for summary judgment and *Daubert* motions.

## VI. Discovery Plan and Schedule

The parties submit the following proposed discovery plan and schedule pursuant to Fed. R. Civ. P. Rule 26(f)(3)(A)-(F):

**A.** *Initial Disclosures*: The parties will make their initial Rule 26(a)(1) disclosures on or before September 21, 2019. The parties do not seek any changes in the form or requirements for disclosures under Rule 26(a) or (c). Supplementation under Rule 26(e) will be provided as discovery of new information dictates.

**B.** *Subjects on which discovery may be needed:* The parties anticipate that discovery may be needed on the matters raised in the pleadings, including both liability and damages. With respect to liability, the parties anticipate discovery may include, among other things, the Defendant's Title IV compliance policies and procedures and DoE audits as raised in the Complaint; the verbal and written communications and conduct of Plaintiff and certain Defendant employees regarding such Title IV compliance and procedures and DoE audits; and the alleged non-retaliatory basis for Plaintiff's termination. With respect to damages, the parties anticipate that discovery may include, among other things, Plaintiff's interim earnings and efforts to mitigate her damages.

**C.** *Timing of Discovery*

    **1. Completion of Discovery:** The parties propose that all fact and expert discovery shall be completed by September 1, 2020.

    **2. Phases of discovery or limitations on the subjects of discovery:** The parties agree that discovery need not be conducted in phases and, at this time, agree that any limitations on the subjects of discovery should be governed by the Federal Rules of Civil

3

Case 2:19-cv-00851-PP   Filed 08/21/19   Page 3 of 6   Document 11

Procedure. However, the parties also agree to the following deadlines and seek an order entering them:

    a.    The deadline to amend pleadings and join additional parties is October 1, 2019.

    b.    The parties shall make expert disclosures under 26(a)(2)(A) and (a)(2)(B) by April 1, 2020.

    c.    The parties shall identify rebuttal experts on any issue and make the disclosures required by Federal Rule of Civil Procedures 26(a)(2)(A)&(B) by July 1, 2020.

    d.    The deadline for filing and serving dispositive motions and *Daubert* motions is October 15, 2020.

**D.**    ***Discovery of Electronically Stored Information*:** All requests for discovery of electronically stored information ("ESI") shall be subject to the limitations with respect to scope, frequency, and extent as set forth in Fed. R. Civ. P. 26(b), or any amendment thereto. In addition, if ESI is requested, it will be produced in paper form or in its electronic form upon agreement of the parties. Furthermore, the parties agree to work cooperatively to develop agreed upon procedures governing the gathering, review, and production of ESI in this matter, including identifying key custodians as appropriate and agreed upon for purposes of email searching.

**E.**    *Claw Back Agreement*: The parties have agreed that the inadvertent disclosure of privileged or work product materials shall not constitute a waiver of privilege or work product objections. A party who has inadvertently received privileged communication must return the document upon identification of that document as privileged by either party. The disclosing party

4

must produce a privilege log identifying the document within three days after notification. Additionally, in the event the parties disagree on whether a disclosed document is privileged, the receiving party bears the burden of submitting a motion to challenge the claim of privilege.

    **F.**    *Issues of Privilege***:** At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information.

    **G.**    *Limitations on Discovery***:** The parties agreed that the timing, extent and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Wisconsin, and in any scheduling order(s) entered by the Court.

## VII. Type and Length of Trial

Both parties have demanded a jury trial. The parties anticipate that a trial of this matter will last approximately four days.

**Counsel for Plaintiff Jacqueline Niccolai**

Dated:  August 21, 2019        BY:   /s/Mary C. Flanner
                                                    Mary C. Flanner (SBN 1013095)
                                                    Paul Schinner (SBN 1093983)
                                                    Cross Law Firm, S.C.
                                                    845 North 11th Street
                                                    Milwaukee, WI 53233
                                                    P: 414-224-0000
                                                    F: 414-273-7055
                                                    Email: mflanner@crosslawfirm.com
                                                                 pschinner@crosslawfirm.com

**Counsel for Defendant Shepherds Baptist Ministries, Inc.**

Dated: August 21, 2019         BY:   /s/Thomas A. Cabush
                                                      Thomas A. Cabush (SBN 1019433)
                                                    Michael J. King (SBN 1085336)
                                                    Kasdorf, Lewis & Sweitlik, S.C.

One Park Plaza, Fifth Floor
11270 W. Park Place
Milwaukee, WI 53224
P: 414-577-4000
F: 414-577-4400
Email: tcabush@kasdorf.com
       mking@kasdorf.com